By the Court :
• The act of Congress distinctly marks out and defines the several duties of the marshal and of his assistants. The compensation which each is to receive, is separately provided for, and they are in no way connected. No fraud can be properly imputed to the contract between the parties, by which the compensation that the plaintiff should receive, was fixed at one dollar and twenty - cents the hundred. At the time it was entered into, the sum which the district judge might determine to be reasonable was not known. That allowance was subsequently made, as well as the allowance of the secretary of state, of twenty per cent, for taking the account of mauufactures. When these allowances were made, they were made for the assistant, and he alone was entitled to them. The marshal, when the money was paid to him, received it for the assistant, and hot for himself. By receiving it, he became responsible that he would pay it to the plaintiff. He was, in fact, the plaintiff’s debtor for the amount.
The case of the defendant is not that of an individual authorized by another to receive his money, and therefore held to account for it. He was the agent of the government, ^acting in an official character, and confided in by the government to pay a debt due from it for services performed. The honor, the integrity, the justice of the government required that the payment should be fairly and fully made.
*254 The fact that the plaintiff knew all the circumstances, at the time he received less than his due, and gave an acquittance, does not authorize the defendant to keep what never was his — what he never had any color of claim to keep. By what motives the plaintiff was influenced to give a receipt for money he did not receive, and to leave in the defendant’s hands money he had a right to receive, we do not know. One thing, however, is certain: there is no pretense that the defendant gave any equivalent to the plaintiff. His claim to retain it rests upon the naked assent of the plaintiff that he might do so. A public agent, who retains any part of money, put into his hands to pay the debts of the government, by the assent of the creditor, is not in the situation of a man who voluntarily pays money, in the dischai’ge of an alleged debt, where nothing is due. Such retaining is an abuse of the public confidence; and if the law should permit a public officer, guilty of this abuse, to secure profit to himself, by his misconduct, the mischiefs would be incalculable. The vexations that would be practiced to obtain a receipt for the whole, upon the payment of part, could seldom be made out in proof, while the receipt would always speak for*itself. Were the principle once established, that in a case like the present, the defendant was secure in his gains, it would be proposing encouragement for public agents to practice frauds, both upon the government and its creditors. The public policy and the public justice are both opposed to such doctrine.
The plaintiff is clearly entitled to recover both the principle retained, and interest upon it.
Judgment for plaintiff.